972 F.2d 1341
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
ALASKA PULP CORPORATION, Respondent.
 No. 91-70077.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 18, 1992.
Decided Aug. 20, 1992.
 
 Before EUGENE A. WRIGHT, FLETCHER, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The National Labor Relations Board ("NLRB" or "petitioner") seeks enforcement of its Decision and Order of September 28, 1990 ("Order") upholding an administrative law judge's ("ALJ") decision requiring Alaska Pulp Corporation ("APC" or "respondent") to reinstate three former APC employees and to cease and desist from certain unlawful activities following in the wake of an unsuccessful strike against the respondent. See Alaska Pulp Corp. v. United Paperworkers Int'l Union, 300 NLRB No. 28 (Sept. 28, 1990). We grant the application and enforce the Order.
 
 FACTS AND PRIOR PROCEEDINGS
 
 3
 APC operates a wood pulp manufacturing plant in Sitka, Alaska. Local 962 of the United Paperworkers International Union, AFL-CIO ("Union") formerly represented APC's employees in their contract negotiations with the respondent. When those negotiations broke down in July 1986, Union called for an immediate economic strike against APC. The respondent continued to operate during the course of the strike by hiring permanent replacement workers and returning strikers.
 
 
 4
 In March 1987 the NLRB conducted a decertification election which Union lost. Those employees still out on strike immediately abandoned the strike and notified APC of their willingness to return to work. The respondent placed those employees on a preferential recall list and began hiring them as positions opened up.[1]
 
 
 5
 In October 1988 four of APC's formerly striking employees, viz., Babette "Becky" Sisson, John Bartels, John W. Lawson, and Jesse Jones, filed an unfair labor practices charge against the respondent, alleging that they had been denied adequate offers of reinstatement. The following month the Regional Director of the NLRB issued a complaint and notice of hearing alleging, in addition to the above charge, that APC had violated provisions of the National Labor Relations Act ("Act"), 29 U.S.C. §§ 151-69, by
 
 
 6
 maintaining a rule that precludes employee solicitation on company property at any time, by threatening to extinguish reinstatement rights of then-unreinstated strikers if they did not furnish certain information, and by distributing a brochure to employees stating that only "non-union" employees are eligible for accidental death and disability benefits.
 
 
 7
 Alaska Pulp Corp., 300 NLRB No. 28 at ----, ER # 3 at 3 (ALJ's summary of charges). Although the ALJ ruled against the complainants on two relatively minor points,[2] he found "that Respondent did independently violate the Act in the three respects described above[ ... and] that a preponderance of the evidence does support the allegations that Bartels, Lawson and Jones were unlawfully deprived of adequate offers of reinstatement." Id. The NLRB upheld the ALJ and has now petitioned for enforcement of its Order.
 
 DISCUSSION
 
 8
 We note at the outset that APC challenges only that portion of the Order requiring it to reinstate Bartels, Lawson, and Jones. Because the remaining findings of violations in the Order are uncontested, APC is deemed to have waived any defenses it might have with respect thereto. See Sparks Nugget, Inc. v. NLRB, Nos. 90-70316 & 90-70370, slip op. 8195, 8213 (9th Cir. July 8, 1992) ("Because [the respondent] did not contest these findings, it waives its defense ... [and w]e enforce the Board's order regarding these findings." (citations omitted)); NLRB v. Ed Chandler Ford, Inc., 718 F.2d 892, 894 (9th Cir.1983) (as amended) (same).
 
 
 9
 With respect to the reinstatement order, APC argues, inter alia, that it was entitled to ask certain questions of the complainants to determine their qualifications for employment, that the complainants could not refuse to answer those questions, and that any acceptances tendered were conditional and therefore not binding on the respondent. In support of this last point APC contends that the subsequent actions of two of the complainants were inconsistent with the ALJ's finding that they were willing to accept reinstatement.[3]
 
 
 10
 Whatever the merits to these arguments, our review of the prior proceedings in the instant case is a narrow one. See Sparks Nugget, Inc., slip op. at 8203. Thus,
 
 
 11
 [We] will enforce an NLRB order if the Board correctly applied the law and if its factual findings are supported by substantial evidence in the record as a whole. [We] give deference to the Board's reasonable interpretations and applications of the National Labor Relations Act.
 
 
 12
 * * *
 
 
 13
 While the substantial evidence standard of review is relatively deferential to the agency as factfinder, review must still be searching and careful. However, if the findings are supported by substantial evidence, they must be upheld even if [we] might reach a different conclusion based on the same evidence.
 
 
 14
 Sierra Publishing Co. v. NLRB, 889 F.2d 210, 215 (9th Cir.1989) (citations omitted).
 
 
 15
 Parts D and F of the Order are careful and detailed analyses of the facts leading to the holding below that APC failed to offer reinstatement to complainants Bartels, Lawson, and Jones. We have reviewed the complete record on appeal and conclude that the ALJ's findings, adopted by the NLRB in its Order, are supported by substantial evidence in the record as a whole. See id. As for the respondent's contention that the NLRB erred by refusing to reopen the proceedings, we agree "that the issues raised ... have no bearing on the question whether the Respondent unlawfully refused to make either Jones or Lawson an offer of reinstatement during their August 1987 meeting with Cline, but instead raise compliance matters that can best be resolved at that stage of the proceedings." Alaska Pulp Corp., 300 NLRB No. 28 at ----, n. 1, ER # 2 at 1, n. 1.
 
 
 16
 Accordingly, the application is GRANTED and the Order is ENFORCED.
 
 
 
 *
 This disposition is not suitable for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 APC's willingness to rehire the former strikers was somewhat grudging. See ALJ's Decision in Alaska Pulp Corp. v. Lawson, NLRB No. 19-CA-20552, slip op. at 2 (Feb. 8, 1991) (ER # 4 at 2) ("In Alaska Pulp Corporation (Alaska Pulp I), 296 NLRB No. 155 (October 10, 1989) [order enforced by this court in an unpublished disposition, 944 F.2d 909 (9th Cir.1991) (TABLE) ] the Board found[,] inter alia, that Respondent violated the Act by refusing to offer qualified unreinstated strikers on the preferential recall list (the Laidlaw list) any and all available positions in each department and in each progressive level thereof.")
 
 
 [2]
 Specifically, the ALJ rejected Lawson's and Jones's contention that APC's refusal to reinstate them was in retaliation for their testimony against the respondent in an earlier NLRB proceeding, and dismissed Sisson's claim as being time barred. 300 NLRB No. 28 at ----, ER # 3 at 3
 
 
 [3]
 The respondent submitted the affidavit of one of its vice-presidents, Jess Cline, in support of a "Motion for Remand and to Reopen the Record to Consider Additional Evidence Regarding Jones and Lawson" filed with the NLRB during the course of its appeal from the ALJ's decision. Alaska Pulp Corp., 300 NLRB No. 28 at ----, n. 1, ER # 2 at 1, n. 1